STATE OF NORTH CAROLINA v. DAVID EUGENE O'DONALD, JOHN ALLAN WESLEY AND LOWELL H. SMITH, JR.

No. 742SC1046

(Filed 7 May 1975)

**Larceny § 7— automobile larceny — recent possession doctrine**

    The State's evidence was sufficient for the jury in a prosecution for larceny of an automobile where it tended to show that defendants were seen in the middle of the night standing close behind the opened trunk of an automobile which had been stolen that same night, and defendants admitted to the police that the automobile was under their control and that they intended to continue on a trip southward in it; the introduction of evidence by the State of the exculpatory statement made by defendants to the police to the effect that one of their buddies had brought the automobile to them from Pennsylvania did not prevent the State from showing that the facts were otherwise.

APPEAL by defendants from *James, Judge.* Judgments entered 2 October 1974. Heard in the Court of Appeals on 20 February 1975.

State v. O'Donald

Defendants were separately indicted but jointly tried on their pleas of not guilty to indictments charging each of them with the felonious larceny on 19 July 1974 of a 1969 Chrysler automobile, Serial No. CL43H9F127614, the property of Griffin Motor Company, Inc., Williamston, N. C.

The State's evidence showed: When the manager of Griffin Motor Company, Inc., a North Carolina corporation, finished his day's work and closed up on the evening of 19 July 1974, the Chrysler automobile described in the indictments was on the company's used car lot at Williamston in Martin County, N. C. The automobile was the property of the corporation and was worth $1,000.00. At that time it had a North Carolina inspection sticker. The Chrysler was still on the lot when the manager checked by the lot at 9:00 p.m. He had returned from supper to check the lot because his suspicions had been aroused earlier when he had seen three white males sitting on the curb in front of the car. The manager was not able to identify defendants as these men. On the following morning the car was gone. Defendants had not been given permission to take it, and the manager still had the key. When he next saw the car on the afternoon of 20 July 1974, the North Carolina inspection sticker had been scraped off the windshield, the deck lid cylinder had been changed, and the key would no longer unlock the deck lid.

At 12:35 a.m. on 20 July 1974 Sgt. Todd of the Windsor Police Department, while on routine patrol with two other officers, saw the three defendants on the parking lot of the R & W Chevrolet Company in Windsor in Bertie County. Defendants were standing behind the 1969 Chrysler, which was parked with its trunk lid up. A 1972 model Dodge car was parked about 20 feet away, with its back toward the back of the Chrysler and with its trunk also open. Defendants told the officers that they were headed south from Pennsylvania, that their car, which they said was the Dodge, had broken down and that they had permission to spend the night on the R & W lot. The officers had not seen the defendants or the Chrysler when they checked by the lot 15 minutes previously. When asked about the 1969 Chrysler, defendants told the officers that one of their buddies had brought the Chrysler to them from Pennsylavania and that they were going to take that car and go on. When Sgt. Todd later noted a Pennsylvania license plate on the Chrysler and asked about this, defendants told him that it was because the car was from Pennsylvania.

After checking at the police station, where he learned that the Dodge had been reported stolen, Sgt. Todd placed defendants under arrest for possession of a stolen vehicle, the Dodge automobile. He handcuffed defendants and placed them in his patrol car. While Sgt. Todd went to the Chrysler to get its registration number, the patrol car with the defendants as its only occupants was driven away. Defendants were apprehended a few hours later hiding in a wooded area lying on the ground, partially covered with leaves, and still handcuffed.

Defendants did not introduce evidence. They were found guilty as charged, and from judgments imposing prison sentences, appealed.

*Attorney General Edmisten by Associate Attorney General David S. Crump for the State.*

*Hugh M. Martin for defendant appellant David Eugene O'Donald.*

*J. Melvin Bowen for defendant appellant John Allan Wesley.*

*Edgar J. Gurganus for defendant appellant Lowell H. Smith, Jr.*

PARKER, Judge.

Appellants assign error to (1) the denial of their motions for directed verdicts of not guilty and (2) the portion of the court's charge to the jury in which the court instructed the jury how it should view the evidence concerning the partially exculpatory statement made by defendants to the police.

Viewed in the light most favorable to the State, the evidence was sufficient to require submission of the case to the jury. Defendants were seen in the middle of the night standing close behind the opened trunk of the stolen Chrysler automobile. They admitted to the police that the Chrysler was under their control and that they intended to continue their trip southward in it. Defendants' midnight possession of the stolen Chrysler so soon after it was stolen affords presumptive evidence for the jury's consideration that defendants committed the larceny. *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966). The introduction in evidence by the State of the exculpatory portion of the statement made by defendants to the police to the effect that one of their buddies had brought the Chrysler to them from

---

Samia v. Oil Co.

---

Pennsylvania, did not prevent the State from showing that the facts were otherwise. *State v. Bolin,* 281 N.C. 415, 189 S.E. 2d 235 (1972). The motions for directed verdicts of not guilty were properly denied.

We have carefully examined the court's charge to the jury and particularly the portion to which defendants assign error. The charge, considered contextually and as a whole, was free from prejudicial error. We find

No error.

Judges HEDRICK and CLARK concur.